# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD SWOPES,

    Plaintiff,

  v.                                                                                                No. CV 10-0125 BB/GBW

JOE WILLIAMS,
JAMES JANECKA,
WEXFORD HEALTH SOURCES, INC.,
SUSAN ROBINSON,
LINDSEY BRENNENSTOOL,

    Defendants.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards

applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff sets out his allegations in five Claims. In the first and second Claims, he alleges that Defendants Robinson and Wexford Health Sources, Inc., denied him adequate medical treatment for his serious dental conditions. In the third and fourth Claims, Plaintiff alleges that Defendants Williams and Janecka were aware of system-wide problems of inadequate medical treatment and failed to correct the problems. Plaintiff's fifth Claim is for denial of access to the courts resulting from violations of grievance procedures. Specifically, he alleges that Defendant Brennonstool manipulated the grievance process, causing Plaintiff to miss mandatory deadlines. Plaintiff contends that Defendants' actions violated his rights under the First, Eighth, and Fourteenth Amendments. He seeks damages and equitable relief.

No relief is available on Plaintiff's claim against Defendant Brennonstool. This claim is based on the allegation that Defendant failed and refused to comply with grievance procedures. As a result, because Plaintiff is required to exhaust administrative remedies, Defendant's conduct blocked his access to the courts. These allegations do not "establish relevant actual injury," *see Lewis v. Casey*, 518 U.S. 343, 351 (1996); *and cf. Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000) (affirming dismissal of claim for inadequate grievance procedures; no liberty interest implicated), because Plaintiff may assert in this Court his claim that administrative remedies are ineffective or futile, *see Garrett v. Hawk*, 127 F.3d 1263, 1267 (10th Cir. 1997) ("Congress clearly intended to require prisoners to exhaust only 'such administrative remedies as are available' "); *Little v. Jones*, 607 F.3d 1245, (10th Cir. 2010) ("Where prison officials prevent, thwart, or hinder a prisoner's efforts . . . , that remedy [is]

"unavailable"). Nor does Plaintiff allege that prison officials actively interfered with his attempts to prepare and file legal documents. *See Lewis v. Casey*, 518 U.S. at 350; *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) ("main concern here is 'protecting the ability of an inmate to prepare a petition or complaint' "). Plaintiff's claim against Defendant Brennonstool for denial of access to the courts will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claim under the First and Fourteenth Amendments against Defendant Brennonstool for denial of access to the courts is DISMISSED, and Defendant Brennonstool is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Robinson, Williams, and Janecka; and to issue summons for Defendant Wexford Health Sources, Inc., on Plaintiff's Eighth Amendment claims.

_____
UNITED STATES DISTRICT JUDGE