IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD SWOPES,

    Plaintiff,

v.                                                    No. CV 10-0125 BB/GBW

JOE WILLIAMS, et al.,

    Defendants.

## ORDER DENYING APPOINTMENT OF COUNSEL

**THIS MATTER** is before the Court on Petitioner's Motions for Appointment of Counsel filed December 9, 2010 and March 25, 2011. *Docs. 42, 74.* For the reasons given below, the Court finds that the motions are not well taken and shall deny them.

"There is no constitutional right to appointed counsel in a civil case. However, '[t]he court may request an attorney to represent any person unable to afford counsel.' The decision to appoint counsel is left to the sound discretion of the district court." *Baker v. Simmons*, 65 F. App'x 231, 238 (10th Cir. 2003) (quoting 28 U.S.C. § 1915(e)(1)) (other citations omitted). When deciding whether to grant a litigant's motion, the following factors guide the decision to appoint counsel in a civil case: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Thomas v. Brockbank*, 195 F. App'x 804, 807 (10th Cir. 2006) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)). Finally, the "burden is on the applicant to convince the court that

there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

In considering Plaintiff's motion for the appointment of counsel, the Court has carefully reviewed the motions and pleadings filed in this case in light of the above-referenced factors.  As was found before, the legal issues raised by Plaintiff are not overly complex, and Plaintiff's Complaint "is intelligible and indicative of Plaintiff's ability to present his claims on his own."  *See doc. 11.*  It also appears that this is not a case that will require a great deal of factual development beyond the exhibits already provided by the parties.  Finally, in the pleadings filed thus far, Plaintiff has not "convince[d] the court that there is sufficient merit to his claim to warrant the appointment of counsel."  Accordingly, I find that Plaintiff has not met his burden, and the motion will be denied at this time.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel (*docs. 42, 74*) are **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE