IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD SWOPES,

    Plaintiff,

v.                                                  CIV 10-125 BB/GBW

LUPE MARTINEZ et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DEFENDANT LUPE MARTINEZ' MOTION FOR SUMMARY JUDGMENT

*Introduction*

Plaintiff Richard Swopes ("Plaintiff") is a prisoner within the New Mexico Corrections Department system ("NMCD"). *Doc. 1.* On February 10, 2010, Plaintiff filed suit in this Court asserting various violations of his rights in violation of 42 U.S.C. § 1983. *Id.* In his suit, Plaintiff alleged various deficiencies in the dental care he was receiving during the course of his incarceration. *Id.* The allegedly inadequate dental care occurred between June 2005 and early 2007. *Id.* Among the defendants in this suit was the Secretary of Corrections.[1] *Id.* Although Swopes sought a variety of relief

---

[1] Plaintiff named Joe Williams as the Secretary of Corrections (NMCD). *Doc. 1.* Defendant Williams filed a Motion to Dismiss Plaintiff's Claims as moot on February 11, 2011. *Doc. 66.* Therein Mr. Williams contended that Plaintiff's claims were moot as Mr. Williams was no longer the secretary of NMCD. *Id.* Because Plaintiff's claims were for non-monetary awards and because Mr. Williams was sued in his official capacity, this Court found that Plaintiff's claims were not moot. *Doc. 81 at 4-5.* Due to the change

including money damages, Swopes only sought injunctive relief from the Secretary of Corrections.  *Doc. 1 at 22.*  Specifically, Swopes requested that this Court:

> (1) Require the defendant to draft & maintain inmate standards of care.
> (2) Make all grievance officers in 'all' facility's[sic] state employee's[sic], that answer only to the secretary of corrections office, & cannot be a former employee of any private contractor.  (3) Apply the same standards to the compliance (contract) monitors.

*Id.*

The Court has since dismissed the claims against all other defendants, so Plaintiff's only remaining claims are for injunctive relief from the Secretary of Corrections (NMCD).  *See docs. 85, 86, 87*.  On September 2, 2011, Secretary Martinez filed a Motion for Summary Judgment which is supported by an affidavit from Stephen Vaughn, Chief Medical Administrator for NMCD.  *Doc. 89*.  Secretary Martinez seeks dismissal with prejudice of all of Plaintiff's claims against her.  *Id*.  Plaintiff did not respond to Defendant Martinez's summary judgment motion or otherwise contest the factual assertions therein.

### *Mootness of Plaintiff's Request for Standards of Care*

As noted above, the first type of relief Plaintiff seeks from Secretary Martinez is to "require [her] to draft & maintain inmate standards of care."  *Doc. 1* at 22.  Secretary Martinez argues that summary judgment ought to be granted on this issue because the relief sought is moot.

---

in command at NMCD; however, this Court did order that the new Secretary, Lupe Martinez, be substituted into this matter in place of Mr. Williams.  *See id.*

This court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts warranting summary judgment may be shown by a movant by reference to *inter alia* facts in the record, affidavits, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" *Id.* at (c)(1)(A)-(B). Generally, "at the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party[.]" *Scott v. Harris*, 550 U.S. 372, 380 (2007). That reading is not necessary, however, unless there is a "genuine dispute as to th[e] facts." *Id.* (internal quotation omitted).

When a party files a motion, a response in opposition "must be served and filed within fourteen (14) calendar days after the service of the motion." D.N.M.LR-Civ. 7(a). "Although a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, this [Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotations and citations omitted). Failure to respond to a summary judgment motion does not automatically necessitate granting the motion.[2] However, when a nonmoving party fails "to file a response within the time specified by the local

---

[2] Granting a summary judgment for failure to respond can be done as a sanction after application of a sanction analysis under *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988). See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). The recommendation of dismissal herein, however, is made pursuant to Rule 56 and not as a sanction.

3

rule . . . the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

"'An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1256 (10th Cir. 2004) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). The mootness inquiry asks whether "the issues presented are no longer 'live'" and "whether granting a present determination of the issues offered . . . will have some effect in the real world." *Id.* (internal quotations omitted). Throughout the litigation, the injury claimed by the party seeking relief must "likely . . . be redressed by a favorable judicial decision." *United States v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (*quoting Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In other words, if granting Plaintiff's requested relief would have no real effect, then the case is moot as to that relief.

In his affidavit, Dr. Vaughn states that he was appointed to his position overseeing medical services in the NMCD on May 5, 2007. *Doc. 89*, Att 1, ¶ 3. Therefore, his appointment was subsequent to Plaintiff's claims of inadequate dental care. Dr. Vaughn asserts that he has instituted reporting and auditing policies within the NMCD medical system and that those reports and audits have shown medical care under his tenure to be within the requirements of the NMCD standards. *Id.,* ¶¶ 6-7. Regarding those policies, Dr. Vaughn avers that NMCD standards are "established by

reference" to two national associations – the National Commission on Correctional Health Care and the American Correctional Association. *Id.*, ¶ 8. Further, he states that CMS, the medical provider for NMCD since 2007, also "maintains written Medical Policies and Procedures, Guidelines and Protocols" that he has personally reviewed and found to be in compliance with those standards. *Id.*, ¶¶ 5,9.

With specific reference to the claims of Plaintiff, Dr. Vaughn has addressed the backlog of dental cases for inmates. *Id.*, ¶ 10. His work on this front has included "successful efforts in keeping dentists and dental assistants available at all New Mexico state correctional facilities." *Id.*, ¶ 11. Dr. Vaughn has reviewed Plaintiff's dental records and found that, since CMS took over provision of services to the NMCD, Plaintiff has received appropriate care. *Id.*, ¶ 13.

As discussed above, all of these facts are uncontroverted because Plaintiff has failed to respond to Secretary Martinez's summary judgment motion. These facts establish that granting Plaintiff's request for standards of care would merely ratify what has been in existence since early 2007. As the system is now operating under Dr. Vaughn, both the NMCD and CMS have established and use proper standards for inmate medical care. *Id.*, ¶¶ 5-9. These standards are in compliance with national standards and constitutional requirements. *Id.*

Admittedly, in the ordinary case, "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the

5

legality of the practice." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000). If, however, subsequent events make it clear that the allegedly wrongful behavior could not reasonably be expected to re-occur, such a voluntary cessation will moot the case. *Id.*; *see also Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004).

When applying this standard to the instant case, it is important to remember that the practice Plaintiff challenges with this request for relief is not the provision of inadequate dental care. Unfortunately, it is likely that cases alleging valid claims of inadequate dental care within the New Mexico Corrections Department system will arise in the future. Instead, Plaintiff's requested relief seeks to remedy dental care provided without any standards of care. When cast in this light, the Court is confident that such dental care will not reoccur.[3] According to the uncontroverted facts, NMCD has had proper standards in place for almost five years now. Nothing in the record suggests that NMCD intends to discard those standards if this case is dismissed as moot. *See Tandy*, 380 F.3d at 1291.[4] Therefore, because the standards of care requested by Plaintiff are already in place, I recommend finding this request for relief is moot.

---

[3] The Court is not finding or suggesting that dental care unmoored to proper standards was indeed provided by NMCD in the past. The Court merely assumes this fact for the purposes of this motion.
[4] Moreover, were Plaintiff to receive inadequate dental treatment in the future, it would be the basis for a separate claim from different alleged wrongdoing. *See, e.g.*, *Hale v. Ashcroft*, 683 F. Supp. 2d 1189, 1197-98 (D. Colo. 2009) (deeming case moot because future injury of same type would necessarily come from different alleged wrongful actions).

6

*Plaintiff's Requests for Modifications to the Grievance System Do Not State a Proper Claim*

The other relief Plaintiff seeks from Secretary Martinez is an injunction which would "[m]ake all grievance officers in 'all' facility's[sic] state employee's[sic], that answer only to the secretary of corrections office, & cannot be a former employee of any private contractor." *Doc. 1* at 22. This request for relief arises out of Plaintiff's charge that an officer failed to properly process his grievances. *Id*. at 13-16. Plaintiff's legal claim is that the grievance officer "violated my first & fourteenth amendment rights of being able to petition the government & state administrative due process." *Id.* at 13.

As Secretary Martinez argues in her motion, "courts of appeal that have confronted [these] issues are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (*cited with approval in Lopez v. U.S. Sentencing Comm'n.*, 266 Fed. Appx. 759, 761 (10th Cir. 2008)). Simply put, the "failure to process any of [Plaintiff's] grievances, without more, is not actionable under section 1983." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (*cited with approval in Gilbreath v. Clark*, 193 Fed. Appx. 741, 743 (10th Cir. 2006)). So, if Plaintiff is making a "liberty interest" claim based on the failure to properly process his grievances, it must fail.

Plaintiff does expressly claim that this failure violated his constitutional right to petition the government. However, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government

7

for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). This conclusion is based on the fact that the PLRA "only requires the exhaustion of 'available' administrative remedies." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010). An administrative remedy is "unavailable" where the actions of prison officials "prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy." *Id.* Thus, defects in exhaustion which are caused by the action or inaction of prison officials will not be a basis for dismissing a claim for failure to exhaust. *Id.* As a result, deficiencies in the grievance process do not impede the right of access to the courts.

Therefore, Plaintiff's claim based upon deficiencies in NMCD's grievance procedures fails to state a cognizable claim. Consequently, I recommend dismissing that claim and the attendant request for relief.

## *Conclusion*

As described above, I recommend dismissing Plaintiff's request for imposition of standards of care as moot. I further recommend dismissing Plaintiff's claim relating to the grievance procedures and the related request for an injunction directing that grievance officers be government employees who report directly to the Secretary of Corrections. If followed, these recommendations would leave no requests for relief

directed at Secretary Martinez.[5] As such, I further recommend that her motion for summary judgment be granted and the claims against her be dismissed with prejudice. Because Secretary Martinez is the sole remaining defendant, I further recommend the case be dismissed.[6]

_____
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

[5] As noted above, Plaintiff lists a third request for relief directed at Secretary Martinez: "Apply the same standards to the compliance (contract) monitors." *Doc. 1* at 22. It is unclear to the Court whether this subsection relates to the request for standards of care or to the request relating to grievance officers. Regardless of the request to which it relates, it would fail for the same reason as the underlying request.

[6] In her motion for summary judgment, Secretary Martinez mentions the personal nature of some of the allegations against her predecessor. *Doc. 89* at 9-11. The earlier ruling denying a motion to dismiss for mootness was based on construing Plaintiff's claims against the Secretary of Corrections as official capacity claims. To the extent that Plaintiff intended to bring personal claims against then-Secretary Williams, those claims, which only sought injunctive relief, would indeed be mooted by Secretary Martinez' replacement of Mr. Williams.